# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

CRAIG GRAVES,

*Plaintiff,*

v.

C.E. TAYLOR and R.E. McKNIGHT,

*Defendants.*

CASE NO. 3:19-cv-00033

MEMORANDUM OPINION
& ORDER

JUDGE NORMAN K. MOON

Plaintiff Craig Graves brings this case alleging civil rights violations against two officers involved in his arrest and subsequent prosecution. Defendant R.E. McKnight, an officer with the Culpeper Police Department has filed a motion to dismiss Plaintiff's amended complaint, which asserts that one count in the complaint was untimely while another was insufficiently pleaded. Dkt. 34. For the following reasons, the Court will grant in part and deny in part the motion to dismiss.

As alleged in the amended complaint, on August 26, 2015, Plaintiff was a passenger in his daughter's car en route to a dealership for an oil change. Dkt. 32 (Am. Compl.) ¶ 3. Shortly after arriving at the dealership he went around to the driver's side of the vehicle to remove the oil change sticker from the windshield—he sat in the driver's side seat with the car door open and his feet on the ground to do so. Id. ¶¶ 6–7. He alleges, "[a]t that point, several officers including McKnight approached [him] with their guns drawn pointing at his head. Detective McKnight grabbed [Plaintiff's] mouth and stretched it as far as it could be stretched, apparently looking for drugs." Id. ¶¶ 8–9. Then Plaintiff "was removed from the car, thrown to the ground and handcuffed by defendant McKnight." Id. ¶ 10. Plaintiff asserts that the officers were part of

1

a drug task force apparently targeting him. Id. ¶ 11. He alleges that the officers conducted "an illegal warrantless search" of the car. Id. ¶ 12.

Graves ultimately was charged with a felony of driving on a suspended license as a habitual offender, not any drug charges. But he asserts that he did not drive to the dealership and no one, including McKnight, saw him drive. Id. ¶¶ 12–14.

On September 29, 2016, Graves was tried on the charge of driving on a suspended license while being a habitual offender. At trial Detective Taylor testified that he observed Graves driving by a traffic circle near the dealership, and that he recognized Graves as a habitual offender though they had never met. Id. ¶¶ 14–18. Graves asserts that this was a deliberately false statement. Id. ¶ 19. He was found guilty. Id. ¶ 20.[1] Graves was denied bond and began serving his sentence, during which time he alleges that he was beaten and assaulted by other inmates. Id. ¶¶ 20–22. On March 16, 2017, another Culpeper County Circuit Court judge set aside Graves' conviction and ordered a new trial. At trial on June 7, 2017, that judge granted Graves' motion to strike Detective Taylor's testimony and determined it to be "not credible," and found Graves not guilty. Id. ¶¶ 22–24.

On June 7, 2019, Plaintiff filed a three-count complaint against officers C.E. Taylor and R.E. McKnight raising claims of false arrest and malicious prosecution.[2] After delays in service of the complaint, Defendant McKnight is the only defendant before the Court.[3] In December

---

[1] While Plaintiff asserts that he was found guilty of this charge on September 26, 2016, that date appears to be a typo given the earlier allegation that his trial occurred on September 29, 2016. Am. Compl. ¶¶ 14, 20. The docket sheet of the Culpeper County Circuit Court for this charge, Case No. CR15000407-01, of which this Court can take judicial notice, also reflects that trial occurred on September 29, 2016.

[2] Plaintiff initially filed this suit in the Eastern District of Virginia, which transferred the case to this District shortly thereafter. Dkts. 1–3.

[3] After Plaintiff failed to serve Defendants within the time allowed by the Federal Rules of Civil Procedure, the Court issued a show cause order why the case should not be dismissed for

2020, the Court heard argument on Defendant's motion to dismiss Plaintiff's original complaint, and permitted Plaintiff leave to amend his complaint as requested to bring his claim for malicious prosecution in Count II pursuant to the Fourth and Fourteenth Amendments, instead of the Fifth Amendment. Dkts. 29, 33. Plaintiff filed his amended complaint and Defendant's motion to dismiss is fully briefed, upon which the Court heard argument on February 19, 2021.

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a complaint to determine whether a plaintiff has properly stated a claim. The complaint's "[f]actual allegations must be enough to raise a right to relief above a speculative level," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), with all allegations in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor, King v. Rubenstein, 825 F.3d 206, 212 (4th Cir. 2016). A motion to dismiss "does not, however, resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Id. at 214. Rule 12(b)(6) does not require "heightened pleading of specifics," instead the plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Still, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). While generally a statute of limitations argument is an affirmative defense that is not properly asserted in a Rule 12(b)(6) motion to dismiss, "if all facts necessary to the affirmative defense clearly appear on the face of the complaint," then the Court may address the

---

failure to prosecute. Dkts. 4, 5. Plaintiff sought several weeks to serve Defendants which the Court allowed, and then granted another extension. Dkts. 6, 7. Plaintiff ultimately served Defendant McKnight, but did not accomplish service on Defendant Taylor who was no longer employed by the Culpeper Police Department. Dkts. 10–12. The Court thereafter withdrew its show cause order. Dkt. 19. Plaintiff never served Taylor.

affirmative defense in that posture. Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (cleaned up).

Defendant's main argument is that Count I should be dismissed as untimely. Dkt. 35 at 4–6; Dkt. 40 at 1–2. In Defendant's view, Count I is effectively a "Fourth Amendment false arrest and/or false imprisonment claim," subject to Virginia's two-year statute of limitations. Dkt. 35 at 4. Defendant argues that a false arrest claim accrues "as soon as the unlawful arrest occurs," and that a false imprisonment claim accrues when he was "bound over by a magistrate or arraigned on charges," citing Wallace v. Kato, 549 U.S. 384, 388 (2007). Dkt. 35 at 5. As for the false arrest claim, Defendant argues that the two-year limitations period began to run as of the date of his arrest (August 26, 2015), and that for a false imprisonment claim, that two-year period began to run at the time he was arraigned, which was no later than his trial date (September 29, 2016).[4] Because Plaintiff did not file suit until June 7, 2019, Defendant argues that the statute of limitations has run on these claims.

In the amended complaint, Plaintiff does not expressly identify a cause of action but states that the claim is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments. Am. Compl. at 4. Therein, Plaintiff alleges that Taylor falsely testified under oath at trial that he saw Plaintiff driving; and that McKnight, "who never saw Plaintiff driving, arrested him without probable cause, and without a warrant, for an offense that was not committed in his presence, and which he knew Plaintiff did not commit, thereby depriving

---

[4] In Defendant's argument, he relies on September 26, 2016 as the trial date, rather than September 29, 2016. As noted, the actual trial date reflected in the complaint was September 29, 2016. Supra note 1; Am. Compl. ¶ 14. The difference in three days is immaterial to Defendant's argument in any event.

Plaintiff of his 4th and 14th Amendment rights." Id. ¶ 26–27. Plaintiff alleges that, as a result of the officers' actions, he "was wrongfully incarcerated for seven months." Id. ¶ 28.

The parties do not dispute that Virginia's statute of limitations applies or that it supplies a two-year statute of limitations for the claims in Count I.  See Dkt. 35 at 4 (citing Va. Code § 8.01-243(A); Dkt. 39 at 3 (arguing that he filed his complaint on June 7, 2019, "within the two-year statute of limitations).

To the extent Plaintiff has raised a claim for false arrest in Count I, that claim accrued on the date of arrest, August 26, 2015. See Wallace, 549 U.S. at 388 ("There can be no dispute that petitioner could have filed suit as soon as the allegedly wrongful arrest occurred, subjecting him to the harm of involuntary detention, so the statute of limitations would normally commence to run from that date."). Because more than two years passed from the allegedly wrongful arrest until the date of suit, any claim for false arrest in Count I is untimely. So too for any claim for false imprisonment, which claim would have accrued when he appeared before a magistrate "and was bound over for trial." Id. at 391–92. The latest date that occurred was the date of his original trial, September 29, 2016. Again, more than two years passed from that date before Plaintiff filed this suit, so that claim too, is untimely. In his amended complaint and at argument, Plaintiff's counsel never asserted that Count I was anything other than a false arrest or false imprisonment claim. Cf. Dkt. 39 at 1 (conceding that Count III for "false arrest" was "duplicative").[5] The Court will therefore **dismiss Count I as untimely**.

---

[5] Defendant did not argue that Count II for malicious prosecution should be dismissed as untimely on statute of limitations grounds. That claim unlike the false arrest/false imprisonment claim, accrued later and would have fallen within any applicable statute of limitations. McDonough v. Smith, 139 S. Ct. 2149, 2154–55 (2019) ("The statute of limitations for a fabricated-evidence claim like McDonough's does not begin to run until the criminal proceedings against the defendant (i.e., the § 1983 plaintiff) have terminated in his favor.").

Defendant also argues that Count II must be dismissed. In the amended complaint, Plaintiff captions Count II as a claim for Malicious Prosecution in violation of the Fourth and Fourteenth Amendments. Am. Compl. at 5. In Defendant's view, because a claim for malicious prosecution under the Fourth and Fourteenth Amendments must be brought through 42 U.S.C. § 1983, and because Count II does not expressly cite § 1983 (unlike Count I), Count II fails to state a claim. See Dkt. 35 at 6–7; Dkt. 40 at 3–4.

This argument is without merit. Section 1983 "provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law." Filarsky v. Delia, 132 S. Ct. 1657, 1661 (2012). It "is not an independent source of substantive rights, but simply a vehicle for vindicating preexisting constitutional and statutory rights." Safar v. Tingle, 859 F.3d 241, 245 (4th Cir. 2017). Defendant's argument is that Plaintiff has not brought his claim using that vehicle. But here, Plaintiff's amended complaint expressly invokes § 1983 as a basis for jurisdiction, including on the first page. See Am. Compl. at 1. To be sure, the amended complaint includes a duplicative section purporting to provide bases for jurisdiction (which does not cite § 1983) on the following page. Id. at 2. However, the Court sees no reason—and the allegations in the complaint provide none—why the Court should read the latter allegations to negate the former rather than be read in combination. There is no inherent inconsistency. Accepting Defendant's argument would elevate form over substance and would be inconsistent with the standard of review on a Rule 12(b)(6) motion to dismiss. In any event, Plaintiff's failure to cite § 1983 within Count II was not a fatal defect to his claim. "[N]o heightened pleading rule requires plaintiffs seeking damages for violations of constitutional rights to invoke § 1983 expressly in order to state a claim." Johnson v. City of Shelby, Miss., 135 S. Ct. 346, 347 (2014). Defendant's motion to dismiss Count II is **denied**.

The parties agree that Count III can be dismissed as duplicative. Dkts. 39 at 1, 40 at 3. Count III will therefore be **dismissed**.

Accordingly, the Court will **GRANT in part** and **DENY in part** Defendant's motion to dismiss. Dkt. 34.

For the reasons set forth on the record in the Court's hearing this day, February 19, 2021, the Court will permit Defendant to file a supplemental motion to dismiss Count II. Defendant is **DIRECTED** to file any such supplemental motion to dismiss within **ten (10) days**. Plaintiff shall have **ten (10) days** from that filing to file a response brief, and Defendant may file any reply **seven (7) days** thereafter.

It is so **ORDERED**.

The Clerk of Court is directed to send this Memorandum Opinion and Order to all counsel of record.

ENTERED this  _22nd_  day of February, 2021.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE