# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| CRAIG GRAVES, | |
| *Plaintiff,* | CASE NO. 3:19-cv-00033 |
| v. | MEMORANDUM OPINION |
| C.E. TAYLOR and R.E. McKNIGHT, | |
| *Defendants.* | JUDGE NORMAN K. MOON |

Plaintiff Craig Graves brought a three-count complaint alleging civil rights violations against two officers involved in his arrest and subsequent prosecution. The Court has dismissed Graves' two false arrest counts as untimely and duplicative. All that remains is Graves' claim for malicious prosecution. Because this matter is before the Court on McKnight's motion to dismiss, the Court will assume the truth of all factual allegations in Graves' amended complaint and draw all reasonable inferences in his favor.

On August 26, 2015, Graves was a passenger in his daughter's car en route to a dealership for an oil change. Dkt. 32 (Am. Compl.) ¶ 3. Shortly after arriving at the dealership, he went around to the driver's side of the vehicle and sat down. Id. ¶¶ 6–7. With the car door open and his feet on the ground, he removed the oil change sticker from the windshield. Id. He alleges that, "[a]t that point, several officers including McKnight approached [him] with their guns drawn pointing at his head. Detective McKnight grabbed Mr. Graves' mouth and stretched it as far as it could be stretched, apparently looking for drugs." Id. ¶¶ 8–9. Then Graves "was removed from the car, thrown to the ground and handcuffed by defendant McKnight." Id. ¶ 10.

1

Graves asserts that the officers were part of a drug task force apparently targeting him. Id. ¶ 11. He claims that the officers conducted "an illegal warrantless search" of the car. Id. ¶ 12. Graves also states that he "was charged with driving on a suspended permit as a habitual offender though [he] did not drive to the [] dealership and no one, including defendant McKnight saw him drive." Id. ¶ 13. Graves alleges that "McKnight, who never saw [him] driving, arrested him without probable cause, and without a warrant, for an offense that was not committed in his presence, and which he knew [Graves] did not commit, thereby depriving [Graves] of his 4th and 14th Amendment rights." Id. ¶ 27.

On September 29, 2016, Graves was tried on the charge of driving on a suspended license while being a habitual offender. Id. ¶ 14. At trial, Detective Taylor testified that he observed Graves driving by a traffic circle near the dealership, and that he recognized Graves as a habitual offender though they had never met. Id. ¶¶ 14–18. Graves asserts that this was a deliberately false statement. Id. ¶ 19. He was found guilty. Id. ¶ 20.[1] Graves was denied bond and began serving his sentence, during which time he alleges that he was beaten and assaulted by other inmates. Id. ¶¶ 20–22. On March 16, 2017, another Culpeper County Circuit Court judge set aside Graves' conviction and ordered a new trial. Id. ¶ 23. At trial on June 7, 2017, that judge granted Graves' motion to strike Detective Taylor's testimony and determined it to be "not credible," and found Graves not guilty. Id. ¶¶ 22–24.

---

[1] While Graves asserts that he was found guilty of this charge on September 26, 2016, that date appears to be a typo given the earlier allegation that his trial occurred on September 29, 2016. Am. Compl. ¶¶ 14, 20. The docket sheet of the Culpeper County Circuit Court for this charge, Case No. CR15000407-01, of which this Court can take judicial notice, also reflects that trial occurred on September 29, 2016.

On June 7, 2019, Graves filed a three-count complaint against officers C.E. Taylor and R.E. McKnight.[2] After delays in service of the complaint, Defendant McKnight is the only defendant before the Court.[3]

In December 2020, the Court heard argument on McKnight's motion to dismiss Graves' original complaint. The Court granted Graves' request to amend his complaint to bring his claim for malicious prosecution in Count II under the Fourth and Fourteenth Amendments, instead of the Fifth Amendment as originally alleged. Dkts. 29, 33. Thereafter, Graves filed his amended complaint. Dkt. 32.

Upon McKnight's motion to dismiss Graves' amended complaint, the Court held that Count I—which raised false arrest and false imprisonment claims—must be dismissed as untimely. Dkt. 46 at 4–5. The Court further held that Count III (entitled "False Arrest") should be dismissed as duplicative, as agreed by the parties. Id. at 7. However, the Court rejected McKnight's argument that Count II (malicious prosecution) should be dismissed on the grounds that the complaint had failed to more specifically allege that the claim was brought pursuant to 42 U.S.C. § 1983. Id. at 6. The Court permitted McKnight leave to file another motion to dismiss Count II, which has been fully briefed and is ripe for disposition. Dkts. 47, 48, 51, 52.[4]

---

[2] Graves initially filed this suit in the Eastern District of Virginia, which transferred the case to this District shortly thereafter. Dkts. 1–3.

[3] After Graves failed to serve Defendants within the time allowed by the Federal Rules of Civil Procedure, the Court issued a show cause order why the case should not be dismissed for failure to prosecute. Dkts. 4, 5. Graves sought several weeks to serve Defendants which the Court allowed, and then granted another extension. Dkts. 6, 7. Graves ultimately served Defendant McKnight, but did not accomplish service on Defendant Taylor who was no longer employed by the Culpeper Police Department. Dkts. 10–12. The Court thereafter withdrew its show cause order. Dkt. 19. Graves never served Taylor.

[4] The Court concludes that this motion is suitable for disposition without oral argument.

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a complaint to determine whether a plaintiff has properly stated a claim. The complaint's "[f]actual allegations must be enough to raise a right to relief above a speculative level," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), with all allegations in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor, King v. Rubenstein, 825 F.3d 206, 212 (4th Cir. 2016). A motion to dismiss "does not, however, resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Id. at 214. Rule 12(b)(6) does not require "heightened pleading of specifics," instead the plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Still, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

A § 1983 claim for malicious prosecution is "'founded on a Fourth Amendment seizure that incorporates elements of the analogous common law tort of malicious prosecution.'" Massey v. Ojanit, 759 F.3d 343, 356 (4th Cir. 2014) (quoting Lambert v. Williams, 223 F.3d 257, 262 (4th Cir. 2000)). To state such a Fourth Amendment claim, the Fourth Circuit has "required that [1] the defendant have seized plaintiff *pursuant to legal process* that was not supported by probable cause and [2] that the criminal proceedings have terminated in plaintiff's favor." Durham v. Horner, 690 F.3d 183, 188 (4th Cir. 2012) (internal quotation marks omitted) (emphasis added).[5]

McKnight argues that Graves' malicious prosecution claim should be dismissed because there are no allegations in the complaint that he "fabricated any evidence in this case," or that he

---

[5] The parties do not dispute that Graves has satisfied the second element of this claim, that criminal proceedings terminated in his favor.

even testified at Graves' trial. Dkt. 48 at 6. In McKnight's view, the "only factual allegations" against him are that, on August 26, 2015, he, "with other officers, approached [Graves] with guns drawn, and that [] McKnight searched [Graves'] mouth for drugs, 'threw' [Graves] to the ground and handcuffed him, and arrested him without probable cause." Id. McKnight contends that "[t]hese facts only relate to [Graves'] false arrest and/or false imprisonment claims under Counts I and III of the Amended Complaint, which have already been dismissed as barred by the applicable statute of limitations." Id.

Significantly, and in addition to the other factual allegations referenced by McKnight, Graves has also alleged that McKnight arrested him "without probable cause, and *without a warrant*." Dkt. 32 ¶ 27 (emphasis added). Thus, Graves has planted his claims against McKnight firmly in the category of *false arrest*, rather than *malicious prosecution*. As the Fourth Circuit has explained the distinction, "[a] claim for false arrest alleges that a warrantless arrest lacked probable cause; a claim for malicious prosecution alleges that an arrest made pursuant to a warrant lacked probable cause." Smith v. Munday, 848 F.3d 248, 257 (4th Cir. 2017) (citing Brooks v. City of Winston-Salem, 85 F.3d 178, 181–82 (4th Cir. 1996)); see also Harrington v. City of Nashua, 610 F.3d 24, 32 (1st Cir. 2010) ("Where, as here, a person is arrested without a warrant and before the issuance of any legal process, that arrest does not form part of a Fourth Amendment seizure upon which a section 1983 malicious prosecution claim may be premised."); Howlett v. Hack, 794 F.3d 721, 728 (7th Cir. 2015) (noting that "a warrantless arrest cannot serve as the basis for a malicious prosecution action" based on Fourth Amendment rights) (quotation marks omitted); Singer v. Fulton County Sheriff, 63 F.3d 110, 117 (2d Cir. 1995) ("In this case, Singer's arrest cannot serve as the predicate deprivation of liberty because it occurred prior to his arraignment and without a warrant, and was therefore not 'pursuant to legal process.'") (citation omitted).

5

In this case, Graves has failed to allege any non-conclusory allegations of fact concerning McKnight's involvement in the seizure of Graves "pursuant to legal process," which would support a § 1983 malicious prosecution claim. See Dkt. 32 ¶¶ 8–24, 30–34.[6] Nor does the complaint allege that McKnight sought to bring charges against Graves for driving on a suspended permit as a habitual offender, id. ¶¶ 13–14, or that McKnight (as opposed to Taylor) fabricated any evidence concerning Graves, id. ¶¶ 15–24, 26. Indeed, the only non-conclusory allegations of fact concerning McKnight's involvement describe him "arrest[ing] [Graves] without probable cause, and without a warrant," id. ¶ 27, and describe the manner of that warrantless arrest, id. ¶¶ 8–13.[7]

Nor do the few sparse, conclusory statements about Defendants' joint conduct support McKnight's seizure of Graves or involvement in any continued detention "pursuant to legal process." E.g., id. at p. 1–2 (charging "illegal conduct of defendants Taylor and McKnight in knowingly, willfully, falsely, and maliciously charging plaintiff Graves with crimes he did not commit, arresting him without probable cause and depriving him of his liberty for seven

---

[6] And again, because Graves has not served Taylor, McKnight is the only remaining defendant.

[7] Graves' reliance on Brooks to support his malicious prosecution claim is misplaced. Dkt. 51 at 1–2. There, "the allegations contained in Brooks' complaint d[id] not specify whether his arrest was made pursuant to a warrant," so the Fourth Circuit "considere[d] the timeliness of Brooks' claims under both scenarios." 85 F.3d at 182. The Fourth Circuit clearly explained, to the extent Brooks challenged "a warrantless arrest unsupported by probable cause"—as Graves does here—his claim "accru[ed] on the date of his arrest" and was untimely. Id. at 182–83. By contrast, the court separately considered Brooks' alternative claim that he sought "money damages, occurring after the issuance of process or arraignment, for an unconstitutional seizure that was accomplished pursuant to a warrant and prolonged after Officer Barker knew or should have known Brooks was innocent." Id. at 183. Such a claim for "unconstitutional arrest or confinement imposed pursuant to legal process" was a claim "most analogous to the common-law tort of malicious prosecution." Id. Unlike Brooks, in this case Graves clearly alleged that McKnight arrested him without probable cause and without a warrant, which would relate to a claim of false arrest but not malicious prosecution for "unconstitutional arrest or confinement imposed *pursuant to legal process*." Id. (emphasis added).

months"); id. at ¶¶ 28, 29, 31. Those allegations are devoid of any factual content, and the Court

does not accept the truth of conclusory allegations or allegations stating legal conclusions. Iqbal,

556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must

be supported by factual allegations.").

For the reasons stated in this Court's prior memorandum opinion, Graves' false arrest

and false imprisonment claims against McKnight were time-barred. Dkt. 46. While a claim of

malicious prosecution was not time-barred per se, id. at 5 n.5, Graves has not stated a claim for

malicious prosecution against McKnight. He has only alleged that McKnight effected a

warrantless arrest of him without probable cause. While such allegations might have supported a

timely false arrest claim, they do not constitute a "seizure pursuant to legal process" as required

to support a malicious prosecution claim under § 1983. Nor has Graves alleged nonconclusory

facts as would otherwise support such claim against McKnight.[8] Accordingly, the Court will

grant McKnight's supplemental motion to dismiss, Dkt. 47, and will dismiss Graves' amended

complaint, Dkt. 32, in an Order to follow.

---

[8] In his opposition to McKnight's supplemental motion to dismiss, Graves for the first
time attached a the nearly-100 page trial transcript of the June 7, 2017 hearing. See Dkt. 51-1. In
his opposition brief, Graves also "proffer[ed]" certain additional facts concerning McKnight's
involvement in his arrest and subsequent prosecution. Dkt. 51 at 1–2. But any such facts are not
properly before the Court. Graves cannot amend his complaint by reference by raising points in
a brief opposing a motion to dismiss. Marks v. Dann, 600 F. App'x 81, 89 (4th Cir. 2015) (per
curiam) (unpublished) (holding that district court properly refused to consider on Rule 12(b)(6)
analysis "additional allegations and documents" first submitted in plaintiff's "brief in opposition
to [defendant's] motion to dismiss," rather than "with [plaintiff's] original complaint," including
transcripts from an underlying litigation, when such materials "were available to him when he
first filed his complaint").

The Clerk of Court is directed to send this Memorandum Opinion to all counsel of record.

ENTERED this __11th__ day of June, 2021.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

8